UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TYRONE HUDSON,

                       Plaintiff,

       -against-

IRS, TAX PRODUCT GROUP, SANTA
BARBARA BANK AND TRUST (SBBT),
and GREEN DOT BANK,

                    Defendants.
-----------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-6370 (JMA) (AYS)

**FILED**
**CLERK**
11/29/2022 3:15 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Before the Court is the application to proceed in forma pauperis ("IFP") filed by pro se plaintiff Tyrone Hudson ("Plaintiff"). (ECF No. 2.) Upon review of the declarations accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's IFP application is GRANTED. In addition, the Court ORDERS service of the summonses and complaint upon the defendants by the United States Marshal Service ("USMS") forthwith.

      Plaintiff has also filed an application for the appointment of pro bono counsel to represent him in this case. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney to represent a party who is unable to afford counsel. The Court possesses broad discretion in determining whether to appoint counsel, "subject to the requirement that it be guided by sound legal principles." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171–72 (2d Cir. 1989) (internal quotation marks and citation omitted). The Second Circuit has set forth the following two-step inquiry:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). These factors are not restrictive, and "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Escobar v. Nassau Cty. Corr. Ctr., No. 21-CV-2145, 2021 WL 2323788 (E.D.N.Y. May 28, 2021) (citing Brooks v. State of New York, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit)).

Here, Plaintiff has filed this complaint and has made motions to the Court such as the present application for the appointment of counsel and his motion to proceed in forma pauperis. (See ECF Nos. 2, 4.) Thus, Plaintiff has demonstrated an ability to litigate pro se. Further, as this case was recently commenced, the record is not yet sufficiently developed. Accordingly, even assuming that the threshold requirement of Hodge is satisfied, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if warranted at such time.

The Court encourages Plaintiff to consult with the Hofstra Law Pro Se Legal Assistance Program (the "Program") located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Program is not part of, nor affiliated with, the United States District Court. The Program offers services such as explaining federal court rules and procedures, reviewing and editing draft pleadings and correspondence with the Court, and general legal counseling. Additionally, the Clinic may assist pro se litigants during the discovery process, and, in appropriate circumstances, may provide limited scope representation such as at depositions or during the settlement process. Plaintiff may contact the Program to make an appointment by email at PSLAP@Hofstra.edu or by telephone at (631) 297-2575.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and note such mailing on the docket.

The Clerk of Court shall also issue a summons for each defendant and shall forward the summonses and copies of the complaint to the USMS for service pursuant to 28 U.S.C. § 1915(d).

**SO ORDERED.**

Dated: November 29, 2022
Central Islip, New York

/s/     (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE